## NATHANIEL PLUMMER *versus* WILLIAM WALKER & al.

The distinguishing characteristics in a declaration in a writ of right are, that the demand is of the land as the demandant's right and inheritance in fee, averring a seizin of himself, or of an ancestor under whom he claims, taking the esplees, &c. : and that he ought to have possession of the same, but that the tenant deforceth him. The words, " *as by our writ of right,*" are wholly immaterial in our mode of proceeding.

If the demandant, in his writ, alleges that *he was seized as of fee and right,* but concludes by alleging a disseizin done to himself by the tenant, it is but a writ of entry ; and a judgment thereupon is no bar to a writ of right.

The Court may permit the demandant in a writ of entry, or a writ of right, to amend his declaration by diminishing the extent of his claim, even after a verdict is returned into Court and before it is affirmed.

THIS action was tried at the September Term in this county, 1843, before SHEPLEY J. The same action had been tried at the term at which it was entered, September, 1841, when the jury disagreed. At this first term, the defendants offered for a plea, that they "were not guilty of disseizing," &c. The Judge then presiding ruled that such was not the proper plea, and required the tenants to plead the general issue to a writ of right. The tenants then, protesting that the writ was not a writ of right, filed the plea required, and also filed a brief statement alleging a former judgment between the parties. This plea is sufficiently noticed in the opinion of the Court. They also filed a disclaimer of part of the premises.

The declaration originally was ; "In a plea of land, where-in the said Plummer demands against the said William and George Walker one messuage with the appurtenances in Alna aforesaid, bounded," as particularly set forth ; "which he, the said demandant, claims to be the right and inheritance of him, the said Nathaniel Plummer. Whereupon the said demandant says, that he, himself, was seized of the demanded premises in his demesne as of fee and of right, within twenty years now last past, by taking the esplees of the same to the value of five dollars by the year, and ought now to be in quiet possession thereof ; whereof the demandant complains that the said William and George unjustly deforce him."

At the term at which the last trial took place, Sept. 1843, the demandant moved for leave to amend in two particulars; to insert the words, "as by our writ of right," immediately following the words, "inheritance of him, the said Nathaniel Plummer," and before the word "whereupon;" and by so altering the description of the demanded premises as to demand a less portion thereof. To each of these amendments the tenants objected, but they were permitted by the Judge, and made.

The jury brought in their verdict, that the demandant recover one eighth part of the premises described. Before the verdict was affirmed, the demandant moved for leave to amend his declaration by inserting the words, "undivided eighth part of a," immediately preceding the word "messuage." The tenants objected, but the amendment was allowed and made. The verdict was then affirmed.

The tenants filed exceptions to the rulings and decisions of the Court, stating in the exceptions the rulings at each trial.

*E. & M. H. Smith*, for the tenants, contended that the writ was originally a writ of entry. It wanted the words, "as by our writ of right," to make it a writ of right. These words are in the forms of writs of right, and constitute the only material difference between such writs and writs of entry. Stearns, 427, 497; Jackson on Real Actions, 25, 277.

The amendment changed a writ of entry to a writ of right, and was improperly allowed. *Haynes* v. *Morgan*, 3 Mass. R. 208. In England any amendment of a writ of right is not permitted. 4 Bos. & P. 64 and 234; 5 B. & P. 429. All writs of right had been abolished in this State by the legislature before this amendment was permitted, and it was too late for the Court to allow a party to bring a writ of right by making one out of a writ of entry. Rev. Stat. c. 145, § 1.

If the view already taken be the correct one, the Court at the first term erred in requiring the tenants to put in a plea to a writ of right, it being then a mere writ of entry.

The ruling, that the former judgment was not a bar to this action, was erroneous. In that case the allegation was, that

the demandants were " seized as of fee and right;" and that was a writ of right, if the present one was before the amendment.

The amendment, after the verdict was returned into Court, was improperly allowed. It changed the effect of the verdict. Having demanded the whole, he cannot recover a part.

*F. Allen,* for the demandant, contended, that the writ, as originally made, was a writ of right, and the amendment to the form of it, was wholly immaterial. It is not necessary to state in the writ, that it is a writ of right. The true distinction is, that a writ of entry alleges a disseizin, and a writ of right does not. The decision was right in requiring a plea to a writ of right before the amendment. Prec. Dec. 303, 304, 305; Stearns, 358; Booth, 92; 22 Pick. 122. The allegation that it is a writ of right in England, where the declaration is no part of the writ, is merely to give the Court jurisdiction. But the necessity for it does not exist here.

This disposes of the objection, that the ruling, with respect to the effect of the former judgment, was erroneous. The writ in that case alleged a disseizin by the then tenant, and it was but a writ of entry, and is no bar to a writ of right. *Arnold* v. *Arnold,* 17 Pick. 4.

An amendment lessening the close demanded may be allowed by the presiding Judge, in the exercise of his discretionary power, at any time before judgment; and such act is not the subject of exceptions. 2 Shepl. 213; 3 Shepl. 136; 13 Pick. 535; 21 Pick. 176.

A writ of right may be amended as other writs. Howe's Pr. 385; *Boston* v. *Otis,* 20 Pick. 38.

The opinion of the Court was drawn up by

WHITMAN C. J. — The distinctive characteristics of a declaration in a writ of right, are, that the demand by the plaintiff, is of the land as his right and inheritance in fee, averring a seizin of himself, or of an ancestor under whom he claims, taking the esplees, &c. and that he ought to have possession of the same, but that the defendant deforceth him. In the English

mode of proceeding the words "as by our writ of right," &c. may with propriety be added, because the writ there is issued separately from the declaration, and in a form wholly inapplicable to our mode of proceeding. Booth on Real Actions, c. 3. In our mode of proceeding, in which the count is inserted in the writ, those words become senseless. The plaintiff's writ in this case, as originally issued, was in due form, according to our practice, and was properly a writ of right. The amendment adding the above words was therefore immaterial.

The writ, a copy of which was introduced at the trial, wherein Plummer & als. were defendants, and Walker was plaintiff, was a writ of entry. Although the plaintiff therein alleges, that he was seized as of fee and right, yet he concludes by averring a disseizin done to himself by the defendants. The general issue, in such case, is *nul disseizin*; whereas, in a writ of right, there is no allegation of a disseizin, and of course no such general issue. The Court, therefore, were clearly right in refusing to admit such a plea in this case.

Thus in effect the plaintiff's exceptions, laying aside what took place at the coming in of the verdict, are wholly disposed of. The case of *Arnold* v. *Arnold*, 17 Pick. 4, affords a full elucidation of the doctrine relied upon by the plaintiff in this case, and contended against by the counsel for the defendant. It is said of a writ of right, that "it is of so forcible a nature that it overcomes all obstacles, and clears all objections that may have arisen to obscure and cloud the title." F. N. B. 6; 1 Inst. 158; and the case last cited, fully enforces this principle.

As to the disclaimer in the former action, attempted to be set up in bar of this, we find the parties were not the same in both; and from the argument of the defendant's counsel it is evident that there was some difficulty, to say the least of it, in making out the identity of the land disclaimed, as being the same with that recovered; and the counsel for the plaintiff utterly denies its identity; and we are not furnished with the means of enabling us to determine any thing concerning it.

The amendments of the plaintiff's declaration, including the one made at the coming in of the verdict, were clearly such as

are admissible by the Court in the exercise of a sound discretion, having regard to the furtherance of justice. To allow a plaintiff to diminish the extent of his claim is almost a matter of course. *Dewey* v. *Brown,* 2 Pick. 387. And the doing it at the coming in of the verdict, to accommodate the demand of the plaintiff to the finding of the jury, may be admissible, when it shall appear to be in accordance with what may be just and reasonable; and in either case it furnishes no cause for exceptions.

*Exceptions overruled.*